UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| PAULA J. KARAS | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff | ) |  |
|  | ) |  |
| v. | ) | 2:12-cv-00116-NT |
|  | ) |  |
| HANNAFORDS SUPERMARKET, | ) |  |
|  | ) |  |
| Defendant | ) |  |

**ORDER GRANTING LEAVE TO PROCEED**
***IN FORMA PAUPERIS* AND**
**ORDER TO SHOW CAUSE**

Paula J. Karas has sued Hannafords Supermarket, alleging that on April 4, 2012, she purchased adulterated food from the Hannafords Supermarket located in Scarborough, Maine, and that as a result of her "ingestion" of the foodstuffs she suffered "food adulteration poisoning." Karas has also filed a motion to proceed *in forma pauperis* and has provided an affidavit of indigency. I now grant her leave to proceed *in forma pauperis*. Karas is a resident of Milford, Massachusetts, and her sole source of income is Social Security benefits based upon her disability. Karas has affirmed under penalty of perjury that she has no assets and she clearly qualifies for IFP status as she has been granted leave to proceed in that fashion in the numerous cases she has previously filed in the District of Massachusetts and other federal courts throughout the United States, a PACER inquiry revealing that since April, 2005, Karas has filed 42 civil actions in various courts, excluding additional bankruptcy and appellate matters.

Karas has a particular penchant for raising claims about adulterated food and has done so in numerous cases in the District of Massachusetts. Those cases include the following: Karas v. Commonwealth of Massachusetts, C.A. No.-11-40186-FDS; Karas v. Hood, C.A. No. 11-40116-FDS (closed May 5, 2011); Karas v. Honey Dew Donuts, C.A. No. 10-40237-FDS (closed Apr.

29, 2011); Karas v. Dunkin Donuts, C.A. No. 10-40236-FDS (closed Apr. 29, 2011); Karas v. Food and Drug Admin., C.A. No. 07-10504-DPW (closed July 24, 2007); and Karas v. United States Department of Agriculture, C.A. No. 07-10429-DPW (closed July 24, 2007). Based upon my review of Karas's litigation history and the allegations in the current complaint, it appears to me that Karas has most likely failed to state a claim. However, in order to give Karas every opportunity to correct the pleading deficiencies and the appearance of a frivolous claim, I will give her an opportunity to show cause why the complaint should not be dismissed.

In order to adequately present a viable claim based upon diversity jurisdiction in the context of this pleading Karas must provide factual content relating to her purchase of the allegedly adulterated food at Hannafords in Scarborough, Maine, and she must also provide factual content regarding the nature of the harm she suffered, including any medical treatment she received as a result of this incident. Her "defendant unlawfully harmed me" pleading, without any factual content, does not provide a sufficient factual basis in order for this Court to draw a plausible inference that the defendant is liable for any misconduct. Ashcroft v. Iqbal, 556 U.S. 662 (2009). Additionally her complaint does not comport substantially with the pleading requirements of Rules 8(a) and 10 of the Federal Rules of Civil of Procedure. Karas has until May 7, 2012, to submit a satisfactory amended complaint, failing which I will recommend dismissal of this action.

### CERTIFICATE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

*So Ordered.*
April 16, 2012                    /s/ Margaret J. Kravchuk
                                  U.S. Magistrate Judge