UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PAULA J. KARAS, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) 2:12-cv-00116-NT |
| | ) |
| HANNAFORDS SUPERMARKET, | ) |
| | ) |
|     Defendant | ) |

**RECOMMENDED DECISION**

Paula J. Karas commenced this action April 10, 2012, complaining that "defendants violated the plaintiffs United States Amendment Rights under the United States Constitution to ingest food surplus that is manufactured and sold from the defendants that is even adequate for ingestion under the code standards of the United States Food and Drug Administration." (Compl., Elec. Case File (ECF), Doc. 1.)  After granting Karas leave to proceed *in forma pauperis*, I issued an Order to Show Cause requiring Karas to amend her complaint to provide additional factual allegations.  The Order to Show Cause was based upon the "barebones" and conclusory nature of the factual background provided by Karas, coupled with her litigation history as revealed by a cursory examination of PACER entries in the numerous cases she has filed in other jurisdictions.  (Order to Show Cause, Doc. 4 (collecting cases).)  I indicated that Karas had an opportunity to amend her complaint in order to provide the necessary factual background and allegations of actual harm.

Rather than respond to the Order to Show Cause, Karas filed a Notice of Appeal to the "United States Appeals Court" and an application to proceed *in forma pauperis* on appeal.  (Doc. 6.)  This Court has not entered an order that could be certified as appealable under the provisions of Rule 54(b) of the Federal Rules of Civil Procedure and, thus, I am at a loss as to what, exactly,

Karas thinks she is appealing to the Court of Appeals.  Nevertheless, I have reviewed Karas's *in forma pauperis* application.  In spite of her apparent indigent status, I recommend this Court deny the motion under the provisions of Rule 24 of the Federal Rules of Appellate Procedure, which allows a district court to deny such a motion if it finds that motion is not taken in good faith and states its reasons for the denial in writing.  Fed. R. App. P. 24(a)(2), (4).  The statutory basis for this rule is found at 28 U.S.C. § 1915(a)(3) which circumscribes a litigant's right to proceed *in forma pauperis* on appeal.

Karas is no stranger to this procedural hurdle.  In Karas v. Butler Hospital Risk Management Department, 1:11-cv-00227-M-LDA, Judge McConnell of the District of Rhode Island denied Karas leave to proceed *in forma pauperis* on appeal in a case having a much different posture than this case.  In the Rhode Island case, Karas actually sought to appeal a final judgment, an appealable order, but the Court found that her failure to object earlier to the magistrate judge's recommendation made her appeal one that was "not taken in good faith."  See also Karas v. Florida, 0:10-cv-60418-WJZ (S. D. Fla. July 7, 2010) (ECF Doc. 17) (Order denying IFP status for appeal based on insufficient affidavit).  The Florida Court once more specifically found the appeal was not taken in "good faith."  Again, a PACER review of Karas's history of litigation reveals her repeated waste of judicial resources by filing appeals of non-appealable, non-final orders, or otherwise taking frivolous appeals.  See, e.g., Karas v. United States Dep't of Agriculture, 1:07-cv-10429-DPW (D. Mass. ECF Docs. 17 & 18) (dismissing appeal for failure to file a timely response or brief); Karas v. United States Dep't of Food and Drug Admin., 1:07-cv-10504-DPW (D. Mass. ECF Doc. 14) (appeal filed in incorrect case); Karas v. Dunkin Donuts, 4:10-cv-40236-FDS (D. Mass. ECF Doc. 15) (affirming dismissal of case and dismissing appeal because order denying a speedy trial was not immediately

appealable); Karas v. Honey Dew Donuts, 4:10-cv-40237-FDS (D. Mass. ECF Doc. 13) (dismissing appeal for failure to file a brief). Karas should be well aware of the requirements for taking a good faith appeal from a final appealable order of the district court.

Based upon the foregoing, I recommend this Court deny Karas's request to proceed *in forma pauperis* on appeal because it is not a "good faith appeal." I further recommend that the Court certify that the reasons for its denial are the reasons set forth in this recommended decision and that the entire matter be transmitted to the Court of Appeals for any further proceedings.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

April 30, 2012                    /s/ Margaret J. Kravchuk
                                  U.S. Magistrate Judge